# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS O'BRIEN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Judge JUDY BOLLING-MULLIS, Judge VICKI B. BURNETTE, and SOUTHWESTERN STATE HOSPITAL EMPLOYEES "employed as Nurses, Doctors, Pharmacist, Psychiatrist, and Guards," | : | NO. 7:10-CV-92 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **LARRY THOMAS O'BRIEN**, an inmate at the Berrien County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Berrien County Jail.

## I. *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims arise out of his 1999 involuntary commitment to Southwestern State Hospital pursuant to a court order by Judge Judy Bolling-Mullis. According to plaintiff, he was "medically and mentally treated from another person's history" and Southwestern State Hospital employees "used medical, mental health records from the GA. Dept. Of Corrections in which a person used my identity, SSN, etc. to escape prosecution during 1979." Some of the drugs were harmful to plaintiff's pre-existing heart condition, plaintiff claims, and he now suffers from "heart damage, vision loss, hair loss, teeth loss, nerve damage, etc."

In addition to Judge Bolling-Mullis, plaintiff sues Judge Vicki B. Burnette and "South Western State Hospital Employees" employed as "nurses, doctors, pharmacists, psychiatrists, [and] guards." Plaintiff's complaint contains only one allegation relating to Judge Burnette, that her signature was on "S.W.S.H. data."

Plaintiff asks that this Court launch a full investigation into this matter and that the Court prosecute the guilty "individuals in this terroristic act." Plaintiff also seeks damages.

## III. DISCUSSION

This is another in a line of cases in which plaintiff claims that he is a victim of "mistaken identity."[1] Such claims do not appear to be credible.

As to plaintiff's claims against Judges Bolling-Mullis and Burnette, judges are generally entitled to absolute immunity from damages for acts taken in their judicial capacity. ***Stump v.***

---

[1] *See e.g., **O'Brien v. Bolling-Mullis***, 7:10-cv-74 (HL); ***O'Brien v. McClain***, 7:10-cv-64 (HL); and ***O'Brien v. Perkins***, 7:10-cv-30 (HL).

*Sparkman*, 435 U.S. 349, 356-57 (1978). Moreover, the allegations against the judges are set forth in such a conclusory manner that no claim for relief is even remotely stated.

As to the Southwestern State Hospital employees, this Court has no way of ascertaining the names of the "nurses, doctors, pharmacist, psychiatrist, and guards" plaintiff wishes to sue in order to perfect service of process. Indeed, it would be impossible to serve a copy of the summons and complaint on unidentified "nurses, doctors, pharmacist, psychiatrist, and guards." In addition, as stated above, plaintiff must sue a "person" who acted under color of state law. It is not clear that Southwestern State Hospital, or its employees, are state actors.

It is also possible that plaintiff's claims are barred by Georgia's two-year statute of limitations, unless plaintiff remained legally incompetent from the date of his 1999 commitment until two years before this instant filing.

Finally, various forms of relief requested by plaintiff are not available in this Court. This Court has no jurisdiction to investigate or review a state court proceeding. ***See e.g., Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923); ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 482 (1983). Moreover, plaintiff has no judicially cognizable interest in the prosecution or non-prosecution of another. ***Linda R.S. v. Richard D.***, 410 U.S. 614, 619 (1973).

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 10th day of SEPTEMBER, 2010.

s/ Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr